IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID C. STEWART,

                Petitioner,                OPINION AND ORDER

      v.                                            08-cv-0655-slc

BRAD HOMPE, Warden,
Stanley Correctional Institution,

                Respondent.

---

This is a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner David C. Stewart, an inmate at the Stanley Correctional Institution in Stanley, Wisconsin, challenges his 2003 convictions in the Circuit Court for Dane County for child abuse and first degree sexual assault of a child. He originally filed this petition in the United States District Court for the Eastern District of Wisconsin. On November 6, 2008, that court transferred the case to this court pursuant to 28 U.S.C. § 1406(a).

Presently before the court is respondent's motion to dismiss the petition on the ground that it is untimely. (Pamela Wallace was the warden of the Stanley Correctional Institution when petitioner filed his habeas petition. Brad Hompe subsequently succeeded her in that position. Pursuant to Fed. R. Civ. P. 25(d)(1), I have amended the caption to reflect Brad Hompe as the proper respondent.) Because petitioner filed his petition at least

seven days too late and he has failed to show that his is one of the rare cases in which equitable tolling is warranted, I will grant the motion.

From the parties' submissions, I find the following facts.

FACTS

On September 15, 2003, petitioner entered pleas of no-contest in the Circuit Court for Dane County in two cases. In case number 2002-CF-1588, he was convicted of child abuse and sentenced to a three-year prison term. In case number 2002-CF-1589, he was convicted of first-degree sexual assault of a child and sentenced to a consecutive 15-year prison term.

Petitioner pursued direct appeals in both cases, which were consolidated on appeal. His appointed appellate lawyer filed a no-merit report in both cases, to which petitioner filed his own response. On January 25, 2006, the Wisconsin Court of Appeals issued an unpublished opinion and order affirming both convictions. The Wisconsin Supreme Court issued an order denying petitioner's request for review on June 15, 2006. It dismissed petitioner's motion for reconsideration on July 5, 2006. (Petitioner asserts that he did not receive a copy of this order until July 13, 2006.) Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

Petitioner filed the instant habeas petition in the United States District Court for the Eastern District of Wisconsin on October 30, 2007. According to petitioner, he mailed the petition on October 18, 2007.

OPINION

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year limitations period for all habeas proceedings running from certain specified dates. 28 U.S.C. § 2244. The one-year period begins to run from the latest of: (A) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any state impediment to filing the petition was removed; (C) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D). In addition, the one-year deadline may be tolled if "some impediment of a variety not covered in § 2244(d)(1) prevents the filing of a federal collateral attack." Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000). See also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling is available under § 2244). Such an impediment must have been an "extraordinary circumstance" that prevented petitioner from filing a timely petition. Lawrence, 549 U.S. at 336.

3

Petitioner does not appear to be seeking habeas relief on the basis of any newly-recognized constitutional right or newly-discovered facts or contending that the state impeded him from filing his habeas petition sooner. Accordingly, the relevant starting date for statute of limitations purposes is the date on which petitioner's conviction became "final," as described in § 2244(d)(1)(A). At the latest, that date was October 3, 2006, ninety days after the Wisconsin Supreme Court dismissed petitioner's motion for reconsideration on July 5, 2006. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (time for seeking direct review under § 2244(d)(1)(A) includes 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). Even accepting petitioner's assertion that he mailed his petition on October 18, 2007, his petition was still 15 days late. Nor is the petition timely if the court considers the fact that petitioner did not receive a copy of the state supreme court's order denying his motion for reconsideration until July 13, 2006. Even if this court was to use that date instead of July 5, 2006 as the date on which his state court review concluded, his federal deadline still would have expired on October 11, 2007, before he mailed his petition.

Petitioner argues that this court should accept his untimely petition because he was informed that Wisconsin has no deadline for the filing of habeas corpus petitions and he assumed that this rule also applied to federal habeas petitions. Unfortunately for petitioner, his mistaken assumption about the law is not an extraordinary circumstance that excuses his untimely filing. Tucker v. Kington, 538 F.3d 732, 735 (7th Cir. 2008); Arrieta v. Battaglia,

4

461 F.3d 861, 867 (7th Cir. 2006). He also asserts that he did not file his petition sooner because he was going through a stressful divorce. That, also, was not a circumstance far beyond his control that prevented him from filing his petition on time.

In sum, because petitioner has failed to show that any circumstance exists that would justify application of one of the statutorily enumerated grounds for tolling or the doctrine of equitable tolling, his petition must be dismissed as untimely.

## ORDER

IT IS ORDERED that:

1. Pursuant to Fed. R. Civ. P. 25(d)(1), Brad Hompe is substituted for Pamela Wallace as the proper respondent in this action.

2. David C. Stewart's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE for petitioner's failure to file it within the limitations period prescribed by 28 U.S.C. § 2244(d).

Entered this 17th day of March, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge